SCHEIDT v. ROE.

SPECIFIC PERFORMANCE—ORAL CONTRACT—PART PERFORMANCE—
LANDLORD AND TENANT.

In a suit for specific performance by a saloonkeeper against
his landlord, who, complainant averred, had received pay-
ment on the contract for the purchase of the leased premises
in liquors obtained at the tenant's bar, the contract being
oral, *held*, that the tenant was entitled to relief, but only on
payment of the purchase price, and that the bar bill amounted
to no more than the interest on the principal.[1]

Appeal from Barry; Smith, J. Submitted January 5,
1912. (Docket No. 4.) Decided March 30, 1912.

Bill by Charles Scheidt against Henry Roe, administra-
tor of the estate of John E. Barry, deceased, and others,
for the specific performance of a contract for the sale of
land. From a decree for complainant, defendants appeal.
Reversed, and decree entered for complainant on condi-
tion that he pay the purchase price.

*Frank A. Dean* and *Thomas Sullivan*, for appellants.

*Colgrove & Potter*, for appellee.

MOORE, C. J. This is an appeal from a decree ren-
dered in favor of the complainant and against all of the
defendants upon a bill filed by the complainant against the
defendant Henry Roe, administrator of the estate of John
E. Barry, deceased, to restrain the prosecution of sum-
mary proceedings taken before a circuit court commis-
sioner to recover the possession of the lands and premises
situated in the village of Nashville, and described as the

[1] Sufficiency of possession alone as ground for granting specific
performance of contract to convey real property, see note in 8 L.
R. A. (N. S.) 870.

S. ½ of lot 19, of the village of Nashville, Barry county, Mich., and against the remainder of the defendants for specific performance of a parol contract, alleged to have been entered into by the complainant with John E. Barry in his lifetime, for the purchase of said premises, and for an accounting with all of the defendants, and for other and further relief.

Defendant interposed a plea in abatement of suit pending. This plea was overruled. The case was then heard upon pleadings and proofs. The trial judge filed a written opinion reading, in part, as follows:

"This case involves one of the most troublesome conditions in litigation which I have had for a long time. The complainant conducted his business with Mr. Barry in the most unbusinesslike way possible. Mr. Barry, whose estate is represented by the defendant Henry Roe, conducted his business with the complainant in the same manner. Mr. Barry's lips are sealed by death, and complainant's, on account of Barry's death, are closed by the statute of the State as to the transaction between them.

"Complainant, during all his dealings with Mr. Barry, was running a saloon. Mr. Barry was engaged in banking. The contention grows out of the leasing by complainant of a building from Barry for saloon purposes, and the patronage of Mr. Barry of the same saloon. It covers a period from and including the year 1892 to the date of Barry's death in the spring of 1908. The business of the year 1892 is claimed to have been settled. Since that time, no settlement has been had between them. It is claimed that complainant, after the first year, was to pay rent for the building at $20 a month. It is probable this was the agreed price. Complainant claims that Mr. Barry did not pay his bar bill, and owed upwards of $3,100 at his death. He filed such a claim with the commissioners appointed to hear and adjust claims. The estate filed an offset for the rent, amounting to upwards of $4,500. Complainant nor the estate were represented by counsel, and no proof was taken. The matter was simply talked over, and the commissioners did the only thing they could do, which was a disallowance of both claims. Complainant, on the last day to take an appeal, consulted counsel, and his appeal was partially, or possibly fully, perfected. Not long after that, the administrator of the

Barry estate commenced an action in the court to get possession of the building in which Scheidt was doing business. After that complainant stated to his counsel more in detail as to his business relations with Mr. Barry in which it was claimed by him that in September, 1904, he purchased the building of Mr. Barry, and was the owner of it. The bill in this case was filed to restrain the estate from proceeding in said cause, and for a specific performance of the contract of purchase and a general settlement of the affairs of complainant with said John E. Barry, and for general relief. To this bill, the estate interposed a plea in bar, claiming that complainant had elected his remedy by filing his claim with the commissioners and taking his appeal. This plea was overruled, after which an answer was filed and issue joined, and the case has been heard, and is now with the court for his determination.

"I have no doubt of the purchase of the building by Mr. Scheidt, as he claims. Witnesses swear as to being present when the purchase was announced. There can be no question that Mr. Scheidt, although in possession as a tenant when the purchase was made, remained in possession, exercising acts of ownership which he would not have done, had he been a tenant. He made extensive repairs and improvements on the building. He leased it one year, at least, to another party. The proof is without doubt in my mind that the purchase was made, and that he is entitled to the relief he claims. The most difficult and troublesome question is the determination of whether he has paid the purchase price of $1,500 or not, and, if so, whether the estate owes him for any portion of the bar bill of Mr. Barry. There is but little doubt that he paid $50 at the time of the purchase; but further than that I think I can safely state that of all the cases I have heard this is the most barren of legal proof.

"The complainant seeks to establish his claim for his bar bill by the introduction of a great many slips of paper, and fortifies them by the testimony of his two bartenders. It is doubtful if their testimony should be considered under the statute. 3 Comp. Laws, § 10212, as amended by Act No. 239, Laws of 1901. If considered, and should it be found that Mr. Barry owed all that is claimed, there is not a scrap of proof on the part of any one that Mr. Scheidt paid his rent; and, if he did not, it would offset, in a measure at least, the bar bill.

"In paragraph four of complainant's bill, he alleges the refusal and neglect of Barry to pay for his purchases, and says 'that the same were charged to his account from day to day, and that the said John E. Barry was credited for his rent of said building at the rate of $20 a month.'

"It is most unsatisfactory to me to dispose of a case, feeling that anything I may do, or that may be done, may not have a safe foundation upon which to rest. I feel, however, that the case may be disposed of on probabilities growing out of some matters about which there cannot be any dispute."

After stating his understanding of the testimony out of which the probabilities grew, he made a decree for specific performance, not allowing any balance due to either party from the other.

We have a record here of nearly 200 printed pages, not including a large number of exhibits which are returned but are not printed. The case was argued orally at length, and is well briefed. We agree with the trial judge about the litigation involving troublesome conditions. We also agree with him that an oral agreement was made for the purchase of the building; but we do not think it is established, even upon the doctrine of probabilities, by competent evidence, that complainant has so performed his part of the agreement by paying the purchase price as to entitle him to a decree for a conveyance.

It would profit no one to refer in detail to the testimony and to the many exhibits. An examination of the slips upon which complainant claims his account was kept at the times of the transactions satisfied us that the items upon these slips were not put there at the times they bear date. On the contrary, we are are satisfied from the appearance of the slips themselves that many of these exhibits were manufactured for the purposes of this case. We think there is a failure on the part of the complainant to show by a preponderance of proof such performance on his part as to entitle him to a decree for specific performance, except upon payment of the balance of the purchase price, which we find to be $1,450. As to the interest on

the contract and the bar bill, we think there is a fair inference that one offset the other.

The decree of the court below is reversed, and one may be entered here in accordance with this opinion. The appellant will recover costs of both courts.

STEERE, MCALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.